*Muir & Wickliffe, for appellant.*

———, *for appellee.*

---

## Isaac Rodley's Adm'r v. Jack Morris and Others.

**Records—Motion for Nunc Pro Tunc Entry.**

A motion to enter an order nunc pro tunc should be overruled where the existence of the order depends upon parol proof in connection with unsigned pencil memoranda, where seven years have elapsed since the alleged failure of the clerk to enter the order of record.

**Records—Alteration.**

A public record should not be altered or its veracity questioned unless the power as well as the right to alter or amend is clearly shown.

APPEAL FROM HARDIN CIRCUIT COURT.

December 24, 1872.

OPINION BY JUDGE PRYOR:

The appellant, by a motion in the Hardin county court, made on the 16th of October, 1871, asks that court to enter nunc pro tunc an order alleged to have been made by that court on the 1st of April, 1865, and admitted to have been entered by the clerk of record. This order was the appointment of Grohagen, Waycraft, and Cunningham, commissioners to act under the will of John Morris for the purpose of dividing his estate. The evidence of the county judge and clerk conduces to show that the three persons named above were appointed the commissioners and in order to fortify their statements a book purporting to be a minute book kept

by the clerk of that court is produced showing the qualification of the executor of Morris and the appointment of commissioners un-der the will. What act or duty these commissioners were required to discharge does not appear, and even if it did there is no law re-quiring the clerk to keep a memorandum book, nor is such a book a part of the records of the county court. This book or its contents is wholly written in pencil, with many erasures and interlineations, and evidences the holding of the court in April before it was held in March of the same year—it has neither the signature of the clerk or the judge appended to the proceedings. Records may be amended, if there is anything to amend from, but if records are to be changed, or made, by parol proof, connected with such memoran-da as this book exhibits, it would in effect be dispensing with the necessity of record evidence, and substituting the recollection of the judge or clerk, as to the adjudications of the rights of parties. The interests of individuals, as well as the whole public requires that public records should never be altered, or their veracity questioned unless the power as well as the right to alter or amend is clearly shown. This power can not be exercised upon parol proof in a case like this. Seven years have elapsed since this alleged failure on the part of the clerk to enter the order occurred, and we think the county judge acted wisely in overruling appellant's motion to enter it. The judgment is *affirmed*.

*Wintersmith, for appellant.*

*Brown & Murray, for appellees.*